**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN EARL POOLE, JR.,          )
          **Petitioner,**        )      **Civil Action No. 11-68 Erie**
                 )
         **v.**                )
                 )      **Magistrate Judge Susan Paradise Baxter**
UNITED STATES OF AMERICA,   )
          **Respondent.**     )

**OPINION AND ORDER**[1]

Pending before the Court is Petitioner John Earl Poole, Jr.'s petition for a writ of habeas corpus,

which he has filed pursuant to 28 U.S.C. § 2241.  He seeks an order from this Court directing the Bureau

of Prisons (the "BOP") to credit his federal sentence for time he was "borrowed" by federal authorities

from state custody pursuant to a federal writ of habeas corpus ad prosequendum for processing of

federal criminal charges.

For the reasons set forth below, the Court will dismiss the petition without prejudice.

**I.**

**A.**    **Relevant Background**

The record before the Court establishes the following.  On September 24, 2007, Petitioner was

sentenced in the Court of Common Pleas of Erie County to a maximum term of six years' imprisonment

in Case No. CP1259-2006 for violation of probation.  He was paroled from his state sentence on

September 29, 2008.  On October 29, 2009, the Pennsylvania Board of Probation and Parole ("PBPP")

recommitted him to a state correctional facility to serve a six month term for a technical parole violation.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

In the meantime, on September 3, 2009, Petitioner was arrested by local law enforcement authorities in Erie, Pennsylvania, for numerous state offenses. The circumstances of this arrest resulted in the federal indictment connected with his federal offense. A federal criminal indictment was filed in the U.S. District Court for the Western District of Pennsylvania on January 19, 2010, charging Petitioner with the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

On January 21, 2010, the District Court granted the Government's application for writ of habeas ad prosequendum and directed the U.S. Marshals Service to produce Petitioner in federal court for processing of federal criminal charges. Petitioner, who was in state custody at the State Correctional Institution ("SCI") Albion, was "borrowed" by federal authorities on January 28, 2010, via federal writ of habeas corpus ad prosequendum for processing of the federal criminal charge.

On February 3, 2010, the state charges connected with Petitioner's September 3, 2009, arrest by local authorities were nolle prossed. On April 8, 2010, the PBPP ordered Petitioner recommitted to a state correctional facility to serve an 18 month violation of probation term. On June 22, 2010, the District Court sentenced Petitioner to a 52 month term of imprisonment with a three year term of supervised release to follow for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The District Court ordered the federal sentence run consecutively with the state violation of probation term Petitioner was serving. Petitioner was returned to state custody.

The Pennsylvania Department of Corrections considered the federal sentencing date – June 22, 2010 – as the date that Petitioner was returned to state custody as a parole violator. The federal Judgment and Commitment Order was lodged with the Pennsylvania Department of Corrections as a detainer.

The Commonwealth of Pennsylvania has applied 137 days of credit toward Petitioner's state violation of probation term for time served from September 4, 2009, through January 19, 2010.

According to the record before this Court, Petitioner is in state custody serving the state parole violation term imposed by the PBPP in connection with Criminal Case No. CP1259-2006. The maximum date of his state parole violator term is September 29, 2014. According to Respondent, Petitioner's federal sentence has not been computed. Upon his release from the state parole violator terms, he will enter federal custody and commence his federal sentence. Soon after his arrival in federal custody, his federal sentence will be computed.

In his petition for a writ of habeas corpus, Petitioner seeks an order from this Court directing that all of the time that he served while he was borrowed by federal authorities pursuant to the writ of habeas corpus ad prosequendum be credited against his federal sentence. Respondent has filed its Answer [ECF No. 7], in which it is asserted that Petitioner's claim for relief is not ripe for adjudication because the BOP has not yet calculated his federal sentence, and because, once the BOP does so, Petitioner must first exhaust his administrative remedies before he may seek relief in federal court under 28 U.S.C. § 2241.

**B.**     **Discussion**

Courts enforce Article III's case-or-controversy requirement through several justiciability doctrines, one of which is ripeness. See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, 580 F.3d 185, 190 (3d Cir. 2009). "The ripeness doctrine determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" Id. (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)).

As set forth above, there is no evidence before this Court that the BOP has computed Petitioner's federal sentence. Therefore, his claim that he is entitled to federal sentencing credit is not ripe for

adjudication.  Moreover, once Petitioner has been transferred to BOP custody and the BOP computes his federal sentence, he will have to first exhaust his administrative remedies before he may challenge its sentence computation in federal habeas court.  See, e.g., Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").

Accordingly, Petitioner's claim for relief is not ripe for adjudication, nor is it exhausted. Therefore, the petition must be dismissed without prejudice.

## D.    Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

## II.

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed without prejudice.  An appropriate order follows.

JOHN EARL POOLE, JR.,      )
        Petitioner,      )      Civil Action No. 11-68 Erie
                  )
      v.              )
                  )      Magistrate Judge Susan Paradise Baxter
UNITED STATES OF AMERICA,      )
        Respondent.      )

## ORDER

AND NOW, this 12th day of April, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED

WITHOUT PREJUDICE.  The Clerk of Courts is hereby directed to close this case.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


cc:    Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record